HOLDRIDGE, J.
| ^Defendants, the State of Louisiana, Department of Public Safety, Office of State Fire Marshal and H. “Butch” Browning, Jr., in his official capacity as Louisiana State Fire Marshal, appeal the grant of summary judgment in favor of Vivint Louisiana, LLC, granting Vivint Louisiana, LLC’s petition for declaratory judgment. We affirm.
BACKGROUND
On April 24, 2013, Vivint Louisiana, LLC (“Vivint”), a home security company, filed a petition for declaratory judgment seeking a declaration by the trial court that it is exempt from licensure by the Office of the State Fire Marshal, as required pursuant to La. R.S. 40:1664.2 et seq., because it is licensed to perform electrical work by the State Licensing Board for Contractors.[2] Vivint subsequently amended its petition, adding Abraham Garcia, a licensed electrician, as a plaintiff as well as adding claims for a preliminary and permanent injunction.
Asserting that no genuine issue of material fact exists as to whether it can conduct life safety and property protection contracting, as defined by La. R.S. 40:1664.3(37), in the State of Louisiana without a. license from the Office of the State Fire Marshal, Vivint filed a motion for summary judgment. The trial court granted the motion by judgment signed on March 12, 2014.[3] This appeal followed.
*402 |sIn a single assignment of error, defendants contend that the trial court erred in finding that Vivint and Garcia[4] qualified for the exemption from licensure by the Office of the State Fire Marshal. Defendants argue that the language of the exemption statute, La. R.S. 40:1664.5(12), discussed below, limits the exemption for licensed electrical contractors only to installation of alarm systems, and, therefore, does not allow for the selling, servicing, or designing of alarm systems by a company not licensed by the Office of the State Fire Marshal.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria as the trial court to determine whether summary judgment is appropriate. Champagne v. Ward, 2003-3211 (La.1/19/05), 893 So.2d 773, 776. This inquiry seeks to determine whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. Id. A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion • for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2). The summary judgment procedure is favored and shall be construed “to secure the just, speedy, and inexpensive determination of every action.” La. Code Civ. P. art. 966(A)(2).
^APPLICABLE LAW
At issue here is the Subpart of the Louisiana Revised Statutes entitled Life Safety and Property Protection Licensing Act, La. R.S. 40:1664.1 et seq. As set forth in La. R.S. 40:1664.2(A):
The purpose of this Subpart is to regulate the certifying, inspecting, installation, integrating, selling, and servicing of life safety and property protection systems and equipment and to prohibit the use of life safety and. property protection systems and equipment which are not properly labeled in accordance with the rules adopted by the state fire marshal in the interest of safeguarding lives and property.
The general licensing requirements for engaging in life safety and property protection contracting are set forth in La. R.S. 40:1664.4, which provides, in pertinent part:
A. No person or firm shall engage in life safety and property protection contracting without holding a current and valid license issued by the state fire marshal as provided in this Subpart. Each operating location of a firm shall hold a separate firm license.
[[Image here]]
*403 C. The state fire marshal may, by rule, license the owner of a life safety and property protection system or equipment and an employee of the owner to allow such employee to perform routine inspections and minor service and repairs of the life safety systems or equipment solely within the facilities of the owner. The owner shall document such service or repair and assume responsibility for all such service or repair. Such employee shall not engage in certifying, installing, or integrating such systems or equipment.
As defined by La. R.S. 40:1664.3(37), the phrase “[l]ife safety and property protection contracting” is defined to mean:
[PJerforming certification, inspection, installation, integration, sale, or service of systems and equipment designed to protect life and property. Life safety and property protection systems and equipment include but is not limited to mechanical or electronic locks, special locking systems and equipment, security systems and equipment, fire sprinkler systems and equipment, fire detection and alarm systems and equipment, fire suppression systems and equipment, and portable fire | ¡^extinguishers, and fire hoses. Life safety and property protection contracting includes but is not limited to the sale, lease, rent, planning with the intent to prewire, prewir-ing, hydrostatic testing, maintenance, repair, testing, modification, improvement, or alteration of life safety systems and equipment; holding oneself or one’s firm out for hire to perform any such task; or otherwise offering to perform any such task for compensation, either directly or indirectly. Notwithstanding any other provision of this Subpart, no person licensed under this Subpart may install primary power sources of one hundred volts or greater when such power source is being installed to operate low voltage systems unless licensed by the State Licensing Board for Contractors to perform such installations.
However, La. R.S. 40:1664.5 sets forth certain exemptions to licensure by the state fire marshal, one of which pertains to licensed electrical contractors, as follows:
The requirements for licensure shall not apply to:
[[Image here]]
(12) A firm or person licensed to perform electrical work by the State Licensing Board for Contractors pursuant to R.S. 37:2156.1 and 2156.2 which installs wire, conduit, or other wire raceways, its associated boxes or fittings, or installs fire alarm initiating and notification devices or intrusion alarm systems or closed circuit television systems or special locking systems in either commercial or residential property. This exception from licensure shall also apply to the employees of a firm or person exempted by this Subpart, but only as to work performed by them on behalf of the exempted employer.
ANALYSIS
At issue here is the scope of the exemption set forth in La. R.S. 40:1664.5(12). The starting point for the interpretation of a law is the language of the law itself. Ogea v. Merritt, 2013-1085 (La.12/10/13), 130 So.3d 888, 896. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. La. R.S. 1:3. The word “shall” is mandatory and the word “may” is permissive. Id. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. When the *404 language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ.Code art. 10.
Prior to enactment of the Life Safety and Property Protection Licensing statutes in 2006, La. R.S. 40:1662.4 governed licensure requirements for the alarm industry.[5] The applicable exemption for licensed electrical contractors was set forth in former La. R.S. 40:1662.4(A)(1) and provided, in pertinent part:
No person or company shall engage in alarm contracting or single station fire alarm contracting without holding a current and valid license issued by the fire marshal as provided in this Subpart. However, this requirement for licensure shall not apply to:
(1) Any company or natural person licensed to perform electrical work by the State Licensing Board for Contractors pursuant to R.S. 37:2156.1 and 2156.2. This exception from li-censure shall also apply to the employees of a company or natural person excepted by this Paragraph, but only as to work performed by them on behalf of the excepted employer.
(2) The installation of wire, conduit, or other wire raceways, its associated boxes or fittings, or single or multiple station smoke detectors by an entity legally authorized to install commercial light and power service in this state or the employees of such an entity.
Defendants here argue that this former statute set forth a plenary exemption for electrical contractors that, when juxtaposed with the language of the current exemption provision, La. R.S. 40:1664.5(12), illustrates that the current exemption applies only to installation of home security systems by State-licensed electrical contractors. We do not find that this argument has merit. At the outset, this Court notes that the language of La. R.S. 40:1664.5(12) closely resembles the language of the original exemption, essentially combining the language of La. R.S. 1740:1662.4(A)(1) and (A)(2) into a single provision. Moreover, while the language of La. R.S. 40:1664.5(12) does limit the exemption from licensure by the State Fire Marshal to firms licensed by the State Licensing Board for Contractors that install alarm systems, among other things, the language references the types of firms that are exempt, i.e., those which install alarm systems, not the type of work that is exempt. Thus, the exemption does not apply only to installation of alarm systems. To so limit the interpretation of this statutory provision would mean that a company licensed by the State could only install a home security system, but could not design, service, or maintain same without further licensure by the State Fire Marshal. The language of the statute is clear and unambiguous, and the interpretation set forth by defendants would lead to an absurd result, in violation of La. Civ.Code art. 9.
We conclude that the language of La. R.S. 40:1664.5(12) is clear and unambiguous, granting electrical contractors licensed by the State Licensing Board for Contractors, like Vivint, an exemption from licensure by the State Fire Marshal in performing life safety and property protection contracting. As such, we find that no genuine issues of material fact exist here and that Vivint is entitled to judg *405 ment as a matter of law. La.Code Civ. P. art. 966(B).
CONCLUSION
For the above reasons, we affirm the judgment granting Vivint’s motion for summary judgment, and declaring that Vi-vint, a licensed electrical contractor by the State Licensing Board for Contractors, is authorized to perform life safety and protection contracting services without a license from the Office of State Fire Marshal pursuant to the exemption set forth in La. R.S. 40:1664.5(12). Costs of this ap-. peal in the amount of $840.00 are assessed against the State of Louisiana, Department of Public Safety, Office of State Fire Marshal and H. “Butch” Browning, Jr., in his official capacity as Louisiana State Fire Marshal.
I AFFIRMED.

. At the time of filing its petition, Vivint had applied for and tentatively been granted a commercial contractor’s license by the State Licensing Board for Contractors pursuant to La. R.S. 37:2156.1 and 37:2156.2. Following this filing, Vivint was granted a license to practice electrical work statewide by the State Licensing Board for Contractors.

.Following issuance of a Rule to Show Cause Order by this Court, the trial court signed an Amended Judgment on July 15, 2014, reiterat *402 ing its original declaratory judgment and designating the judgment as a final judgment pursuant to La.Code Civ. P. art. 1915(B). By action dated August 28, 2014, this Court maintained the appeal and reserved a determination of the propriety of the trial court's LSA-C.C.P. art. 1915(B) designation to the merits panel. Having received the trial court’s reasons in support of the LSA-C.C.P. art. 1915(B) designation and finding such designation proper, we maintain the appeal.

. Although defendants’ assignment of error includes reference to plaintiff Garcia, the judgment being appealed grants a declaratory judgment in favor of Vivint alone, not Vivint and Garcia.

. Louisiana Revised Statute 40:1662.4(A), which was repealed in 2006 by La. Acts 2006, No. 307, § 3, set forth an exemption for licensed electrical contractors engaged in alarm contracting from the requirement of licensure by the State Fire Marshal.